Chief Justice Marshall
delivered the opinion of the Court.
This action was brought to recover from the city of Louisville damages for injuries to the house of R. J. Ward, in said city, committed by a mob. The statements of the petition are substantially the same as the facts stated in the case of Prather vs. City of Lexington, 13 B. Monroe, 559, except that, after stating that the “Mayor, Marshal, and other officers neglected and refused to call in the requisitions of the law, and all necessary aid to protect the property aforesaid from the violence of the mob, and neglected and failed to suppress it,” these words, which seem to be more specific than those used in the case referred to, immediately follow: “Although the existence of the mob, and its intention were on the day and year aforesaid known to the Mayor of Louisville, to the Marshal of said city, and although notice was given to the Mayor of said city that the mob aforesaid would assemble, and although on the day and year aforesaid application was made by the *190 plaintiff to the Mayor of said city to protect said dwelling house, and assistance asked of the Mayor to prevent said mob from injuring said house.”
In a second count or statement the case is somewhat aggravated, but so far as respects the sufficiency of the facts to sustain the action, it is not materially varied by the statement of the necessity that the plaintiff’s family should fly. and their actual flight, to escape the violence of the mob. And it states the notice to the Mayor to have been on the night of the assemblage of the mob, that it was about to assemble, and that in requesting assistance and protection from the Mayor, he was informed that the plaintiff was unable to protect the house from the mob. A demurrer to the petition was sustained, and a judgment having been rendered in bar of the action, the plaintiff has appealed to this court.
The general question as to the liability of a city, in its corporate capacity, for injuries to the person or property of its citizens, occasioned by the violence of a mob, is so fully discussed, the principles applicable to it so clearly stated, and opinion of this court so decidedly expressed against the liability on the ground both of principle and authority, that we deem it is scarcely necessary to say more upon that subject than that our opinion remains unchanged, and that if there be injustice or hardship in the operation of the law as we understand it, and as it is pronounced to be in. the case referred to, the remedy lies with the legislative and not with the judicial power of the commonwealth. The protection of person and property, is no doubt a principal object of every good government, and as being most essential to the welfare and prosperity of its citizens should be the primary object of its laws. But there are also other objects to be effected by governments, general and local. The more dense, and numerous, and mixed population of a city, affording greater opportunities and temptations to commit injuries, requires more efficacious means of protection. The *191 means and the mode of applying them are to be prescribed by the sovereign authority in creating the corporation. Their application as well in the emergencies which might require peculiar promptness and energy, as in the ordinary state of things must depend upon the officers and agents who are entrusted with the exercise of the municipal powers. It is for the corporation or corporators, where the selection of these officers and agents is entrusted to either of them, to appoint persons to the number authorized, or in reasonable numbers, and of reasonable competency, and if entrusted with the power of removal, to remove, in the appointed mode, such as are incompetent. And even if it were admitted to be the duty of the corporation as such to protect, from lawless violence, the persons and property of its citizens, a breach of this duty could not arise, or be shown, except in the failure by its general legislation and appointments to supply the appropriate means, or in its failure, in particular emergencies, under proper notice, and with sufficient opportunity for action, to call forth and put in motion, in the proper direction, such appropriate force and means as the occasion might require, and as it might be authorized to use.
Ihis is in substance the proposition contained in the opinion rendered in the case of Prather vs. the City of Lexington, and which seems to be relied on as laying a basis for the responsibility of the city on the facts stated in this petition. That proposition is, that if the city is liable in her corporate capacity, it can only be on the ground that the existence and intention of the mob were known to the Mayor or Marshal, and they neglected or refused to make any efforts to prevent the unlawful act which could have been prevented by them. This of course implies that they failed to use the means in their power by which they could have prevented the act complained of, and that they had notice of the intention to commit the act in time to have prevented it by the proper use of the means in their power. Even up *192 on this hypothesis as to the liability of the city, the declaration was held bad because it did not show how and when, and to which of the officers the notice was given. And if this had been shown, the question might still have arisen whether, upon the notice given, the injury could have been prevented.
It is clear, however, that this proposition, which is made the test of the declaration, is stated as a hypothesis, and not as a direct annunciation of the opinion of the court as to the liability of the city, upon the facts stated to be necessary. It is, that if the city is liable at all it[? could only be by the existence of certain facts, which, not being shown in the declaration, that would be insufficient even upon the hypothesis assumed. And as that hypothesis is clearly inconsistent with the general principles positively stated in the opinion, it is more correct to say that the case was decided upon these principles, and that it declares and establishes them, than that it went off because the declaration did not show when and how, and to whom the notice was given.
But even if the case should be considered as establishing nothing more than that a declaration in such a case should show when and how, and to whom the notice was given. What object could there be in making this requisition, except that it should be made to appear that the notice was given in such manner, to such person, and in such time as to require the corporation, through its proper organs, to act for the prevention, or at least the mitigation of the injury, and to give an opportunity of doing so by the proper use of the means within their power, and which it was their duty to use for the purpose. And although the petition is somewhat more specific in this case than the declaration was in the other, it omits to state the manner of the notice, nor does it state the time of the notice so as to show that it was such as would have enabled the officers notified to use with effect the means of defense or protection *193 within their power, or that they could by those means have prevented the injury. The petition is therefore defective even when subjected to this test.
The city of Louisville is not responsible for injuries done to property by a mob. (Prather us. City of Lexington, 13 B. Monroe, 559.)
But as was done in the case before referred to, we decide this question upon the broader ground that it is not shown that the city in her corporate capacity has been guilty of any breach of duty, an'd that she is not liable for the delinquencies or failure of her executive and ministerial officers to perform their duties in the preservation of the peace and good order of the city; that upon the general principles of law she is not responsible for injuries committed by lawless individuals or mobs, and is not made responsible by statute. And that the petition, as it does not show either that any illegal act has been done under her authority, or that she has been guilty, as a corporation, of any breach of legal duty by which, she has incurred responsibility for the injuries complained of by the plaintiff, the declaration does not show a cause of action against her, and was therefore properly adjuged bad on the demurrer, We refer to the case of Prather vs. the City of Lexington, and. the authorities there cited.
Wherefore, the judgment is affirmed.