55 428
104 323

55 428
109 414

55 428
f119 681

55 428
123 389

55 428
136 178
136 179
j136 187

## THOMAS AGNEW v. CITY OF CORUNNA.

*Highway injury—Building material in street.*

The statute that makes a municipality liable for an injury that is due to a street's being out of repair (Act 244 of 1879), applies only where the want of repair is the immediate cause of the injury; and it is not putting a highway out of repair to let things stand in it for a time that form no part of it. So *held* where a horse was frightened at the sight of a boulder that had been dug out of the road-bed and left between the gutter and the traveled part of the way until it could be removed by a person who had asked for and obtained it for building purposes.

Appeal from Shiawassee. (Newton, J.) October 9–10.— January 7.

CASE. Plaintiff brings error. Affirmed.

*A. R. McBride* for appellant. It has been held in Massachusetts, that a city is not liable for injuries occurring from horses taking fright at objects in the public streets. But the contrary doctrine has been held in the following states, where the question has been directly passed upon by the courts: *Foshay v. Town of Glen Haven* 25 Wis. 288: *Morse v. Richmond* 41 Vt. 435; *Bennett v. Lovell* 12 R. I. 166; *Winship v. Enfield* 42 N. H. 197–217; *Ayer v. City of Norwich* 39 Conn. 376; *Turner v. Buchanan* 82 Ind. 147.

*Wm. A. Fraser* and *Hugh McCurdy* for appellee. The traveled part of the road is the part wrought for traveling: *Daniels v. Clegg* 28 Mich. 42; stones not obstructing the traveled part are not obstructions for which the municipality is liable: *Howard v. North Bridgewater* 16 Pick. 189; *Kellogg v. Northampton* 4 Gray 65; *Smith v. Wendell* 7 Cush. 498; nor in some instances are stones temporarily within the traveled part, or even other objects that startle horses: *Cook v. Montague* 115 Mass. 571; *Bemis v. Arlington* 114 Mass. 507; *Cook v. Charlestown* 98 Mass. 80; *Kingsbury v. Dedham* 13 Allen 186; *Keith v. Easton* 2 Allen 552; *Yahn v. Ottumwa* 60 Ia. 429; public travel is not supposed to occupy the whole highway; *Keyes v. Marcellus* 50 Mich. 441; and one who is injured for want of watchfulness can-

not recover : *Tuffree v. State Centre* 57 Ia. 538 ; *Mitchell v. Chic. & G. T. Ry.* 51 Mich. 236 ; *Martensen v. Chicago, R. I. & P. R. R. Co.* 60 Ia. 705 ; *Moss v. Burlington* 60 Ia. 438; *Rogstad v. St. Paul, M. & M. Ry. Co.* 17 N. W. Rep. 287.

CAMPBELL, J. Plaintiff sued defendant for damage to a horse and buggy, relying on the statute which provides a recovery of damages for injuries arising by reason of streets being out of repair. Judgment went for defendant.

The accident occurred while plaintiff's son was driving through the streets of Corunna, during the day-time, and is claimed to have been the result of his horse becoming frightened by seeing a large stone standing in the highway, between the track usually traveled in the middle of it and the gutter at one side. He did not pass by it on this occasion, and it is insisted that while passing along the road in the next block, and beyond a street-crossing, the horse saw the stone, which was beyond the other side of the crossing, and turned up the side street and upset the buggy. There was a good deal of testimony on the disputed question whether the horse was really frightened at all, and whether the mischief did not come from an entirely different cause. There was also testimony bearing upon the fitness of the driver and his management in driving, as well as upon the other questions which were supposed to bear on corporate fault.

The stone in question was a boulder of some four feet in diameter which had theretofore lain in the road-bed, just coming to the surface, but not making any difficulty in passage. It was thought best, however, to remove it from its place, and make the road-bed of the ordinary material. Accordingly the stone was dug up and moved away from the track toward the side of the road, and left standing ready for removal, held in place by placing smaller stones under it. The city highway officials were about to carry it off when a person who desired it for building purposes asked for it and was given the privilege of taking and appropriating it. Before he removed it this accident happened. The testimony does not fix definitely the precise time during which the stone lay

there after it was dug up, but varies from two or three days to four or five. There is no testimony that the roadway was out of repair, or that any of the damage claimed arose from defects in the track used by plaintiff's buggy.

The court below left the question to the jury as to the cause of the accident and the failure in duty of the corporation to remove the stone within a reasonable time, as well as the further question whether the stone in its place was calculated to frighten horses, and whether the driver was at fault himself. The jury gave a general verdict, and the grounds of it do not appear.

It is claimed by defendant, in the outset, that the statutory remedy is confined to cases where the want of repair is the immediate cause of the injury, as where there are obstructions or defects in a roadway or bridge where the vehicle in passing over it encounters the mischief complained of. And it is also claimed that allowing things which are no part of a highway to stand in it temporarily cannot be treated as putting out of repair, which must relate to the way itself, and not to things disconnected from it. This construction of the statute is the natural and correct one. The statute does not seem to be aimed at indirect and remote mischiefs, but to those which follow from a direct injury caused by the want of repair. A similar question has come up in Massachusetts several times as to the law relating to injuries from things which did not obstruct passage, and it was held that where the damage was consequential, not on the effect of a want of repair, but upon fright caused to a horse which ran away and damaged the vehicle or persons he was drawing, or other analogous cases, it did not come within the rule, and the municipality was not liable. *Cook v. Montague* 115 Mass. 571 ; *Bemis v. Arlington* 114 Mass. 507 ; *Cook v. Charlestown* 98 Mass. 80 ; *Kingsbury v. Dedham* 13 Allen 186 ; *Keith v. Easton* 2 Allen 552.

The road itself was not out of repair. It was in good order, and passable. If the stone had anything to do with the action of the horse and damage to the buggy, it was by frightening the animal, and not by hurting or impeding him,

But if it is admitted, and the court below allowed the jury so to assume, that a city is liable for leaving or allowing in its streets that which is dangerous, by reason of its tendency to frighten passing teams, the question arises how far this record presents such a case. It will not do to apply any far-fetched and unreasonable rule in such cases. It was held in the case of *Macomber v. Nichols* 34 Mich. 212, that a steam-engine which, according to every-day experience, is always a cause of terror to horses unused to meeting it in a highway, was nevertheless not in law or in fact an unlawful article to propel or draw there. And a similar rule was applied in *Gilbert v. Flint & P. M. Ry. Co.* 51 Mich. 488, to box cars. It is customary in all towns to allow ditches to be dug, and building materials of all kinds and colors to be piled up and kept for considerable periods in the body of the street. In many, if not in most places, the right to do this can only be had by license from the corporation, and it cannot be claimed that such a license can be granted to do a wrong, or create a nuisance. Such stones as that described are often used for building purposes, and left in the street like other building materials and sometimes broken up for use or sawed for use. It does not seem reasonable to hold that such things can be allowed to await the convenience of a person who wishes to use them near by, and yet not to await removal somewhere else. If this stone had been hauled to the place it occupied, in order to be used for building purposes, and left there for a consid-erable time, no one would think of regarding it as an action-able grievance. The use of streets for such purposes, is too common to justify the owners of horses to assume it will not be allowed, and they should be prepared to guard against their animals' freaks and fears of such ordinary appearances.

The stone, as is not disputed, was lawfully put there in the first place, in the course of street repairs. If it was the duty of the city to see that it was not left there indefinitely, it was equally its right to sell or give it away, and having done so, it could take no steps to interfere unless at the worst the purchaser or donee delayed so long as to make it unreasona-

ble to wait longer for him.   It could not be responsible for any delay which was not unreasonable.

As this case went to the jury and as it was argued here the plaintiff cannot make out error unless it was illegal absolutely to leave this stone where it was left any longer than was necessary to remove it.   The court was called on to say that it was a nuisance in itself.   This was refused, but it was left to the jury to determine whether it was or not, and also to determine whether it was allowed to remain an unreasonable time.   It is difficult to see how the court could have gone further without imposing duties and liabilities on municipalities, which would be ruinous.   These are the only questions which it is important to consider.

The judgment should be affirmed.

The other Justices concurred.