HUBBELL, Appellant, vs. THE CITY OF VIROQUA, Respondent.

*November 8 — November 23, 1886.*

MUNICIPAL CORPORATIONS: HIGHWAYS: NUISANCE. *(1) Structure outside of highway: "Insufficiency." (2) Liability of city for improper carrying on of business licensed by it. (3) Shooting gallery not a nuisance.*

1. A structure or erection on private property, wholly outside the limits of a street or highway, does not constitute an insufficiency of the highway within the meaning of sec. 1339, R. S., even though it is maintained or used in such a way as to interfere with the safety of persons traveling such highway.
2. The mere fact that the city authorities licensed the carrying on of a business within the city limits generally, does not render the city liable for an injury caused by such business being carried on in an improper manner or at an improper place.
3. A shooting gallery conducted in a proper manner and place is not a public nuisance.

APPEAL from the Circuit Court for *Vernon* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought against the defendant city to recover damages for an injury received while passing along one of the traveled streets of said city. The injury was caused by the firing of a gun inside of a shooting gallery. The shooting gallery was a mere tent, and the ball passed through the tent and struck the plaintiff, on the sidewalk. The gallery was placed adjoining the sidewalk, but not within the boundaries of the street or sidewalk.

The complaint, after alleging the incorporation of the city, alleges "that the city, without authority of law and without any power conferred by its charter, carelessly and negligently, on payment of a license fee therefor, licensed and permitted a person or persons unknown to the plaintiff to erect and run and operate a shooting gallery within the cor-

porate limits of said city of *Viroqua;* that in pursuance of such license the said person or persons did thereupon, with the knowledge and consent of the said defendant, erect or put up a tent composed entirely of canvas, within which to run and operate said shooting gallery,— said tent and the targets therein being unprotected by safeguards or appliances of any description to prevent bullets fired from rifles or guns used in said shooting gallery, which failed to strike said targets, from passing through the canvas of which the said tent was composed and thereby endangering the safety of persons passing along the streets or sidewalks in the vicinity of said tent."

The complaint further alleges that the city received a fee of $1.50 from the persons erecting and running said gallery for the privilege of erecting and operating the same for one month within said city; that the gallery was erected, run, and operated by the person so licensed, with the knowledge and consent of the officers of said city, adjoining to and along the north side of the sidewalk built and maintained by said city along the north side of Jefferson street, in said city, etc.; "that the sidewalk aforesaid was on one of the streets of said city, . . . and, prior to the erection of said tent and running and operating said shooting gallery therein, had been largely and uninterruptedly used by the public, and continued to be used, and still is largely used, by the public for the purposes of travel." The complaint further alleges "that the erection of said tent, and the running and operating of said shooting gallery therein, as before mentioned, was an obstruction to the free and safe travel of the public on and along said sidewalk during the time said gallery was permitted to be run and operated as aforesaid."

The complaint then alleges that, while the plaintiff was passing along on said sidewalk in the vicinity of said shooting gallery, he was struck by a rifle ball fired from a rifle

by some one in said shooting gallery, and was greatly injured thereby, stating his injuries and damages.   The complaint further alleges that he gave the proper notice to the city required of a person who has sustained an injury from a defect, obstruction, or want of repair of a street in said city, and that he also presented his claim for damages to the city authorities as required by law, and that his claim was rejected and disallowed by the city.  To this complaint the city filed an answer.

When the action was called for trial and a jury had been impaneled to try the same, the defendant objected to any testimony being given on the part of the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action.  The court sustained the objection, and judgment was entered dismissing the complaint, with costs in favor of the defendant.  From this judgment the plaintiff appeals to this court.

The cause was submitted for the appellant on the brief of *Proctor & Skaar*, and for the respondent on that of *O. B. Wyman.*

For the appellant it was contended, *inter alia*, that anything which endangers the safety of persons lawfully passing over a highway, even though existing outside of the actual limits thereof, is a technical obstruction and indictable as such; as the establishment of a gun-powder or nitro-glycerine factory near the public highway or street.  Wood on Nuisances, sec. 295; Angell on Highways, secs. 223, 225; *Wheeler v. Westport,* 30 Wis. 392; *Snow v. Adams,* 1 Cush. 443; *Coggswell v. Lexington,* 4 id. 307; *Jones v. Waltham,* id. 299; *Palmer v. Andover,* 2 id. 607; *Drake v. Lowell,* 13 Met. 292; *Hubbell v. Goodrich,* 37 Wis. 84; *Hayden v. Attleborough,* 7 Gray, 338; 15 Vt. 715.  This shooting gallery, without safeguards, close to the edge of one of the most public streets, was a nuisance which it was the duty of the city to abate; and the neglect of this duty makes the city liable

for the injuries resulting to the plaintiff. *Evanston v. Gunn*, 99 U. S. 660; *Parker v. Macon*, 39 Ga. 725; *Todd v. Troy*, 61 N. Y. 506; *People v. Albany*, 11 Wend. 542; *New York v. Furze*, 3 Hill, 614; *Palmer v. Andover*, 2 Cush. 600; *Collins v. Dorchester*, 6 id. 396; *Willey v. Portsmouth*, 35 N. H. 314; *Davis v. Hill*, 41 N. H. 329; 35 id. 271; *Hayden v. Attleborough*, 7 Gray, 338; *Chicago v. Robbins*, 2 Black, 422; *Nebraska City v. Campbell*, id. 592; Wood on Nuisances, secs. 743, 744; *Neff v. Paddock*, 26 Wis. 546.

TAYLOR, J.   Upon the hearing of this appeal the learned counsel for the appellant contends (1) that the complaint sets up a good cause of action against the city under the provisions of sec. 1339, R. S. 1878, which provides that "if any damage shall happen to any person, his team, carriage, or other property, by reason of the insufficiency or want of repairs of any bridge, sluiceway, or road in any town, city, or village, the person sustaining such damage shall have the right to sue for and recover the same against any such town, city, or village;" and (2) that the complaint states facts sufficient to constitute a cause of action against the city for knowingly permitting the erection and maintenance of a public nuisance in said city.

It seems to us very clear that there are no allegations in the complaint which show any insufficiency or want of repair of the street or sidewalk so as to bring the case within the provisions of the statute above quoted. The shooting gallery was neither in the street, nor within the boundaries of the sidewalk, but outside of the same, presumably upon private property, and no more obstructed the sidewalk than any other building erected adjoining such walk. A highway may be insufficient, within the meaning of the statute, on account of a precipice or excavation immediately adjoining the traveled part thereof, unless a barrier be placed along such precipice or excavation. It may be insufficient

if a dangerous structure is permitted to overhang a traveled part thereof, or by permitting excavations under the surface of the street, which render the same dangerous, or by defects or obstructions upon its surface. But we can find no case where a street or highway has been held insufficient or out of repair, within the meaning of the statute, by reason of the erection of a tent, house, or other structure upon private property outside of the limits of the street or highway. Persons erecting such structures near a public highway, if they erect or maintain them in such manner as to interfere with the safety of persons traveling such highway, may be answerable for any damage caused by the existence of such structures to persons traveling such highway; but they do not constitute an insufficiency of the highway itself, within the meaning of the statute, so as to render the town, city, or village in which they are situated liable for the damage caused by their existence. The following cases in this and other courts fully establish this proposition: *Schultz v. Milwaukee,* 49 Wis. 254, 259; *Ray v. Manchester,* 46 N. H. 59; *Hutchinson v. Concord,* 41 Vt. 271; *Little v. Madison,* 42 Wis. 643; *S. C.* 49 Wis. 605; *Hixon v. Lowell,* 13 Gray, 59; *Jones v. Boston,* 104 Mass. 75; Wood on Nuis. (2d ed.), 825, and notes; *Norristown v. Fitzpatrick,* 94 Pa. St. 121; *Lorillard v. Monroe,* 11 N. Y. 396; *Pierce v. New Bedford,* 129 Mass. 534; *Barber v. Roxbury,* 11 Allen, 318; *Lyon v. Cambridge,* 136 Mass. 419; *Macomber v. Taunton,* 100 Mass. 255.

Although it is apparent from the form and general allegations of the complaint that the learned counsel who drew the same intended to state a case against the city under the provisions of the statute above quoted, he now insists that if he has failed to make out a case under that statute there is sufficient in the complaint to show that the city knowingly permitted a public nuisance to exist in the city, adjacent to a public street, which endangered the lives of persons

traveling upon such street, and consequently the city is liable for the injury which happened to the plaintiff from the existence of such public nuisance.

Whatever may have been decided by other courts upon this point, this court has held in the cases of *Little v. Madison* and *Schultz v. Milwaukee, supra,* that an action will not lie against a municipal corporation for not suppressing a public nuisance within the municipality, when such nuisance is not created or maintained by the express authority of the municipality, and when such public nuisance is not the result of some act done, or neglected to be done, in the performance of a duty imposed upon the municipality by law, such as repair of streets, constructing sewers, water or other public works.    This doctrine is well sustained by authority. See *Norristown v. Fitzpatrick,* 94 Pa. St. 124; *Elliot v. Philadelphia,* 75 Pa. St. 347; 2 Dillon, Mun. Corp. (3d ed.), §§ 975, 976; *Buttrick v. Lowell,* 1 Allen, 172; *Cole v. Newburyport,* 129 Mass. 594.    A municipal corporation is not liable for injuries caused to the persons or property of the citizen by the criminal acts of individuals, unless made liable by statute.    2 Dillon, Mun. Corp. (3d ed.), §§ 959, 960, 961; *Darlington v. New York,* 31 N. Y. 164, 187, 188; *Western College v. Cleveland,* 12 Ohio St. 375; *Prather v. Lexington,* 13 B. Mon. 559; *Ward v. Louisville,* 16 B. Mon. 184; *Griffin v. New York,* 9 N. Y. 456; *Levy v. New York,* 1 Sandf. 465.    When a public nuisance is created by a private citizen in carrying on his business or trade within a city or other municipality, unless the municipality by express license authorizes such business to be carried on at the place and in the manner the same is conducted by such private citizen, the municipality cannot be held responsible for any damage which may result to another citizen from the existence or maintenance of such nuisance.

This court also held in the cases above cited that the mere fact that the proper city authorities licensed the carry-

ing on of such business within the city limits for a compensation paid for such license, does not render the city liable for an injury caused by its being carried on in an improper manner or at an improper place. If the thing licensed could be carried on without becoming a public nuisance if carried on in a proper place and proper manner, the city is not liable for the consequence resulting from its being carried on in an improper manner or in an improper place. If the city can be made liable at all for the results of carrying on the business in an improper manner or in an improper place, the allegations of the complaint and the evidence must show affirmatively that the license granted authorized the licensee to carry on the business in the manner and at the place which rendered it a public nuisance. A mere license to carry on the business generally within the city limits will not be construed to be a license to carry on the business in an improper place or in an improper manner.

We cannot hold, as a question of law, that a shooting gallery erected in a proper place and conducted in a proper manner is a public nuisance. On the contrary, we are of the opinion that such a gallery is not a public nuisance at common law, and, in the absence of any statute declaring it to be such, it must be considered a lawful business when carried on in a proper manner and place. The mere granting of a license by the municipal authorities to carry on a shooting gallery within the corporate limits of the city was not, therefore, a license to keep and maintain a public nuisance within said limits, and the city is not chargeable for injuries resulting from an abuse of his license by the licensee. When the licensee creates a public nuisance by an abuse of the license granted to him by the city, the city is no more liable for the damaging results of such nuisance than it would be for the damage caused by any other public nuisance by a citizen, within the municipality, by carrying on his business in such city without a license from the city.

We are also inclined to hold that the allegations of the complaint do not clearly show that the shooting gallery, as it is alleged to have been conducted and in the place where located, was a public nuisance; but, in the view we have taken of the case, it is unnecessary to decide that question.

*By the Court.*— The judgment of the circuit court is affirmed.