## CITY OF ST. PAUL vs. CHARLES D. GILFILLAN.

### December 23, 1886.

**St. Paul—Charter—Nuisances.**—The charter of the city of St. Paul confers no power upon the city council to declare what acts or omissions shall constitute a public nuisance.

**Same—Ordinance—Dense Smoke.**—Ordinance No. 618, passed by the city council, February 16, 1886, declaring the emission of dense smoke from smoke-stacks and chimneys a public nuisance, is unauthorized and void.

Appeal by defendant from a judgment of the municipal court of St. Paul, convicting him of violation of a city ordinance and imposing a fine of $100.

*C. D. O'Brien*, for appellant.

*W. P. Murray*, for respondent.

VANDERBURGH, J.[1]   An ordinance was adopted and passed by the city council of St. Paul, February 16, 1886, declaring the emission of dense smoke from the smoke-stack of any boat or locomotive, or from any chimney, anywhere in the city, a public nuisance; and providing that the owner or occupant of any building who shall permit dense smoke to issue from the chimney of such building, within the corporate limits, shall be guilty of a misdemeanor, and shall be fined, etc. The defendant was charged, upon complaint before the municipal court, with a violation of the ordinance, in that he permitted dense smoke to issue and be emitted from a certain smoke-stack and chimney of a building belonging to him, within the limits of the city, etc.

---

[1] Gilfillan, C. J., because of relationship to the defendant, took no part in this case.

The prosecution rests upon the assumption (*a*) that the city has the authority to declare the acts or omissions complained of to be a public nuisance; and (*b*) that it is sufficient to warrant a conviction, if it appear by the evidence that the defendant has done, or suffered to be done, the things forbidden by the ordinance.

We think the conviction cannot be sustained.

1. There is no enabling statute or provision in the charter authorizing the city council to define and declare what shall constitute a nuisance, nor to enact ordinances to prevent and punish the acts complained of without any lawful investigation or inquiry into the question whether they constitute a public nuisance. Charter, *c.* 4, § 3; (Sp. Laws 1874, *c.* 1, *subc.* 4, § 3,) contains no adequate or appropriate provisions, such as to warrant the ordinance in question. Under subdivisions 31, 32, section 3, the council is authorized to remove or abate nuisances in the public streets, and such as are injurious to the public health or safety. This refers to things which are nuisances *per se*, or which may be determined to be such by competent authority, and implies no authority to declare things to be nuisances, without investigation, which may or may not become such, according to circumstances.

2. The first section of the ordinance in question declares that the fact of the emission of dense smoke, etc., shall constitute a nuisance; and the second provides a penalty for maintaining the nuisance so defined and declared. So that the prosecution thus authorized is for the nuisance as defined in the first section, and not for specified acts or omissions constituting a public nuisance at the common law, or under the general laws of the state. The emission of dense smoke from smoke-stacks or chimneys is not necessarily a public nuisance. Whether so or not, would depend largely upon the locality and surroundings; but the ordinance makes no provision for a determination of the question upon the facts of any particular case. Anything is a nuisance at the common law which renders the enjoyment of life and property uncomfortable; and when, as is likely to be the case in populous localities, a considerable number of persons are so damaged, it becomes a public nuisance, which may be suppressed by the proper proceedings.

It is evident that "dense smoke" may constitute a nuisance, within this definition, as well as that given in the Penal Code. It is usually the product of bituminous or soft coal, and, in a thickly populated neighborhood, would be likely to be detrimental to certain classes of property, and offensive and a source of annoyance to the public. In *Harmon* v. *City of Chicago*, 110 Ill. 400, 411, a prosecution under a similar ordinance was sustained; but there the city council were expressly authorized by the legislature "to declare what shall be a nuisance, and to abate the same, and to impose fines upon parties who may create, continue, or suffer nuisances to exist;" and, upon the facts stipulated in the record, sufficient appeared to establish the existence of a nuisance in fact. As we have before seen, such is not the case here. It will not be assumed that the legislature may authorize that to be declared a nuisance which, from the nature of the case, is not and cannot become such. But the matter prohibited by this ordinance may become a nuisance, and may therefore be the proper subject for regulation or restraint by the city council, under legislative sanction. *North Chicago City Ry. Co.* v. *Lake View*, 105 Ill. 207. But, for the reasons before stated, the ordinance in question is unauthorized and void.

Judgment vacated, and complaint dismissed.