FANNY A. JOSLYN v. THE CITY OF DETROIT ET AL.

*Municipal corporations—Negligence—Obstruction in street.*

The *statutory* duty resting upon a city to keep its streets in a condition reasonably safe and fit for public travel is entirely independent of the police power vested in the municipality, and requires everything to be done by the city necessary to make such travel reasonably safe; and if in so doing it becomes necessary to place signals or other safeguards at given points, or give other proper warning, it is the duty of the city to *see that it is done*, or that the street is closed for travel.

So *held*, where a lot-owner contracted for the erection of a building on his lot, and the contractors obstructed a portion of the adjoining street with a pile of sand, for over a month, without giving any warning by lights or otherwise, and plaintiff drove onto the obstruction in the evening and was injured, and brought suit against the city, the contractors, and the lot-owner, and on the trial the court directed a verdict for the defendants, which action is held erroneous. [1]

Error to Wayne. (Reilly, J.) Argued October 12, 1888. Decided April 19, 1889.

Case for negligence. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Oscar M. Springer* and *Henry A. Chaney,* for appellant.

*John W. McGrath,* for the city of Detroit.

*Isaac N. Payne* (*W. L. Carpenter,* of counsel), for defendants Frisbie and Julien.

[The points of counsel, and authorities cited, are found in the opinions.—REPORTER.]

SHERWOOD, C. J. The record in this case shows that defendant Frisbie owned a lot on Clifford street, in the

---

[1] See *Southwell v. City of Detroit, ante,* 438.

city of Detroit, in 1886, near where he resided; that he let a job of building a house on the lot in April, 1886, and that the defendants Julien were the builders under a contract from Frisbie; that on April 23, the parties building the house had a pile of sand lying in front of the house in the street.   It had been there for more than a month, and in the evening of said day the plaintiff was riding along said street, when it was so dark she could not see the said pile, which was from a foot and a half to four feet high, and, there being no lights or other warning given of the obstruction, she came suddenly with her carriage against it, overturning the vehicle, and injuring her seriously.   It is for this injury she seeks to recover her damages, basing her action upon the negligence of the defendants in placing and in allowing the said bank to obstruct the street for so long a time, and in not providing suitable warnings to prevent any collision therewith, which it would appear from the record the defendants entirely omitted to do, notwithstanding the bank extended across more than half the traveled portion of the highway.   Plaintiff claims damages in the sum of $5,000.   Trial was had before Judge Reilly, who, when the plaintiff rested her case, directed a verdict for the defendants.   The case is before us on error.

It is claimed by the learned counsel for the city that it is not liable, because the injury did not result from a want of repair of the street; that the common-law liability, which obtains in this State, does not attach to municipal corporations for injuries occasioned by obstructions placed in the highways or streets by third parties; and he cites our own statutes and decisions upon these subjects. The ordinances of the city of Detroit require that proper warnings and danger signals should be used in such cases, but counsel also claims that for a failure to comply with

these the city cannot be held liable; that such are mere police regulations; and cites the same authorities.

The statute bearing upon the case reads as follows:

"Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets * * * * in good repair, and in a condition reasonably safe and fit for travel, by the township, village, city, or corporation, such township * * * shall pay to the person or persons so injured or disabled just damages," etc.   How. Stat. § 1442.

This statute was passed in May, 1879.   It makes the city not only liable for injuries occurring through neglect to keep the streets in repair, but also for such as occur by reason of the neglect of the city to keep its streets in a condition reasonably safe and fit for travel.   The duty is imposed in both cases, and the necessity for it exists in the one case just as much as in the other, and the liability is the same, and it is very manifest that the Legislature intended to make it so.   It was the object of the Legislature in the passage of this statute to avoid the decisions of this Court, by which, before the passage of the act, the law by construction was made to relieve the municipality from all liability of this kind, and we think the statute should be so construed as to effect the object intended by the Legislature.

If further evidence of the intention of the Legislature upon this subject is desired, I think it may be found in the act of 1887, pages 345 and 346, when it discarded the narrow limits of the common-law liability entirely, as heretofore held by this Court and some others.

I do not think the ordinances of the city have anything to do with the consideration of this case.   They are in no wise involved.   They are for the regulation of the duties imposed upon the city in the premises.   While the

police power might be invoked to keep the street in a safe condition, if necessary, there is no occasion to resort to it now, and it would not afford the plaintiff the redress she now seeks, and to which we think she ought to be entitled.    The redress the plaintiff seeks for the injuries she complains of is now secured to her by positive law, and is entirely adequate.   The duty resting upon the city to make safe its streets is equally positive, under the same statute, and is entirely independent of the police power. It requires everything to be done by the city necessary to make travel upon its streets reasonably safe.   If in so doing it becomes necessary to place signals or other safe-guards at given points, or give other proper warning, it is the duty of the city to see that it is done or that the street is closed to travel; and that duty is imposed by the express language of the statute, and the injury arising from the neglect of such duty to the citizen will make the municipality responsible to the party injured.   The case should have been submitted to the jury as to all the defendants, and the ruling of the circuit judge otherwise was error.

The judgment must be reversed, and a new trial granted.

MORSE and LONG, JJ., concurred with SHERWOOD, C. J.

CHAMPLIN, J.   I concur in the opinion of the Chief Justice that the case should have been submitted to the jury upon all the questions of fact involved.   The law imposes a positive duty, but the question of negligence in the failure to observe the duty is for the jury, under proper instructions.

CAMPBELL, J., (dissenting).   Plaintiff was defeated in the Wayne circuit court in an action for damages by the upsetting of her wagon in running over a pile of sand in

front of a house which was being built on a street in Detroit. The city was sued as well as the lot-owner, and the only negligence attempted to be shown was a failure to keep a light burning at the sand-pile. The city ordinance requires permits to persons desiring to occupy parts of the streets with building material, and also requires colored lights at night to be maintained by the persons "using or occupying" such portion of the street. A failure to do so is subject to an ordinance penalty.

Where the city itself does not create the mischief complained of, it is entirely settled in this State that its liability for injuries occurring in the course of using the street for travel is purely statutory; and the only statutory duty imposed on the city is to keep its streets in repair. If the street is in repair, the corporation is not responsible for the conduct of private parties. It has been held by this Court that a street is not out of repair because of foreign articles placed on it by others than the city, whether lawfully or unlawfully. In *McCutcheon v. Homer,* 43 Mich. 483 (5 N. W. Rep. 668), it was held that a city did not become liable to a party injured by a nuisance which was brought within a highway by widening it, and that there was no liability outside of the statutes. In *Agnew v. Corunna,* 55 Mich. 428 (21 N. W. Rep. 873), it was held that a highway was not rendered out of repair by a large stone lying in it; and in *McArthur v. Saginaw,* 58 Mich. 357 (25 N. W. Rep. 313), the same was held concerning a pile of lumber put there for building purposes. And so of ice left on the surface. *McKellar v. Detroit,* 57 Mich. 158 (23 N. W. Rep. 621). When a city is given authority over the use of streets it does not thereby become liable for the misconduct of others in not obeying its by-laws, and is not obliged to supply their deficiencies. The statutes of the State impose no such obligations.

The only ground of action here is for failing to carry out one of the city's own by-laws, when some one else has failed to do so. It is the recognized right of bordering property holders to use the street for building materials, and this is recognized by city legislation, which no court has any right to override. The city, among other things, fixes certain rules intended to make that use as harmless as possible, and has imposed penalties for the violation of them. But beyond this the corporate duty ceases. And it is beyond question that a city cannot decide for itself without a prosecution what use of a way is a nuisance, and any interference with the actual rights of a private party would involve responsibility for the trespass. It is therefore determined by settled authority that there is no remedy against a city for a failure to enforce its by-laws, and no remedy to compel it. And by-laws can only be enforced in the manner provided by law.

In *St. Johns v. McFarlan*, 33 Mich. 72, it was held that a village could not resort to chancery to prevent the violation of a by-law against erecting buildings contrary to the fire regulations; and in *Hines v. Charlotte*, 72 Mich. 278 (40 N. W. Rep. 333), it was in like manner and for the same reason held that there was no municipal liability for a fire caused by building contrary to the fire regulations. In *Henkel v. Detroit*, 49 Mich. 249 (13 N. W. Rep. 611), it was held the city of Detroit could not be made liable for a failure to enforce its police regulations concerning the occupancy of streets. In *Everett v. Marquette*, 53 Mich. 450 (19 N. W. Rep. 140), where a city undertook to abate what it declared to be a nuisance in a street stairway, it was restrained by injunction, as having no power to interfere summarily without prosecution, or make that a nuisance that had not been so found. In *Burford v. Grand Rapids*, 53 Mich 98 (18 N. W. Rep. 571), it was

held that the city could not be sued for authorizing a sloping street to be used in winter for coasting, whereby a sled injured the horse of a person passing on another street across it. Similar rulings were made in *Hubbell v. Viroqua*, 67 Wis. 343 (30 N. W. Rep. 847), where a city was held not responsible for an injury from a shooting gallery which adjoined the street, and had been licensed to be kept there. And in *St. Paul v. Gilfillan*, 36 Minn. 298 (31 N. W. Rep. 49), it was held that a city could not declare an act to be a nuisance, and remove it without condemnation, except at its peril. A specific duty created by a by-law cannot in general be enforced, except by the process given for that enforcement, and cannot alone give an action to private parties injured. It must usually be left to be punished by the legal penalties. See *Taylor v. Railroad Co.*, 45 Mich. 74 (7 N. W. Rep. 728); *Cook v. Johnston*, 58 Id. 437 (25 N. W. Rep. 388). But so far as the city is concerned it cannot be sued for not enforcing its regulations, and still less for violations of them by private parties.

It is hardly necessary to resort to further reasoning on the subject, unless we are prepared to hold that our own decisions do not bind us as precedents. If we do not follow them, it is of very little consequence what we decide. But it is never a fair or safe course to allow that to be held negligence which is not negligence. No municipality has eyes to see or hands to remedy all the negligence that happens in its streets. If a city is bound to know what lights are burning at every place where there are excavations and other things in streets requiring to be signaled by colored lanterns, and to place such lights where they are lacking, it is bound to do what is impossible; still less is this so when the city has no notice of its own. The object of by-laws on such subjects is to compel private persons to adopt the necessary precautions,

and that is all that can reasonably be done. The corporation is to judge for itself what by-laws are likely to be sufficient. Its duty goes no further, and the court below rightly so held.

Neither was the lot-owner responsible on the showing. There is no rule of law which compels a person who has employed another as a contractor to do a lawful act to be responsible for that contractor's failure to observe a public duty which he presumably will not neglect. In this case the contractor was the one who put and kept the sand and other articles where they were, and who under the ordinances was bound to light them. The purpose, and it is a lawful purpose, of letting work by contract, is generally to relieve the person who deals with him from having to look after the work. The owner or lessee of property may be a corporation, or an absentee, or a person acting through guardians or other representatives. If the liability follows ownership, it must attach to one owner as well as another. But it would be absurd to call such action negligence, and negligence is the only basis of this action. When work is let by contract, the employer has no more right to intervene in its management than any stranger, and he cannot be bound to do so. In *Fisher v. Thirkell*, 21 Mich. 1, it was held that a vault under a highway was a lawful erection, and that the owner of the premises was not liable for an accident happening by neglect to keep a man-hole properly protected, when the property was in the control of a tenant. The same rule was applied in a precisely similar case in *Johnson v. McMillan*, 69 Mich. 36 (36 N. W. Rep. 803). There is no liability attached to mere ownership, and no negligence when there is nothing neglected which was the duty of the party sued.

The judgment below was correct, and ought to be affirmed.