REPPERD *v.* CHAPIN.

1. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE.

Plaintiff drove his horse into an excavation in one of the streets of the city of Jackson one evening, and brought suit, claiming that there were no proper guards and the red lights which were placed on the ditch were so located as to be misleading. He gave evidence that he stopped his horse and looked for the passage, which he concluded was between the lights. A passageway had been left at one side. The evidence tended to show that by reason of the lights in the street and the shadows cast thereby he was unable to discover the passage. The plumbers who dug the ditch and the city were made parties defendant. Under an ordinance of the municipal corporation a permit to excavate in the street had been issued on the day before the accident. *Held,* that the trial court erred in directing a verdict for the defendant city, although an ordinance thereof provided that no such excavation should be left open over night.

2. SAME—NOTICE—DANGER IN STREETS.

Having authorized the plumbers to open the excavation, the city had notice or knowledge of the fact that the excavation was to be dug, and its liability to third persons for injuries was no different than as though it were doing the work itself.

3. SAME—ORDINANCE.

And the city could not escape liability by enacting an ordinance so as to lessen the liability imposed on it by statute.

4. SAME—CONTRIBUTORY NEGLIGENCE—DUE CARE—JURY QUESTION.

Under evidence, which was somewhat conflicting as to the exact location of the red lights and the effect caused by an electric light near the point of excavation, the court erred in holding, as a matter of law, that plaintiff was guilty of contributory negligence, and in directing a verdict for the individual defendants.

Error to Jackson; Parkinson, J. Submitted January 26, 1915. (Docket No. 83.) Decided January 3, 1916.

Case by Samuel I. Repperd against A. Fred Chapin and George A. Maloney, copartners, doing business as Chapin & Maloney, and the city of Jackson, for injuries to plaintiff's horse. Judgment for defendants on a verdict directed by the court. Plaintiff brings error. Reversed.

*Thomas M. Poynton,* for appellant.

*Albert O. Reece,* for appellees.

BIRD, J. While plaintiff's horse was being driven in an easterly direction on Oak Hill avenue, in the city of Jackson, at about the hour of 9 o'clock in the evening, the driver discovered ahead of him some red lights. It appeared to him that two red lights were located near the north curb, and one directly south therefrom near the south curb. He drove to within four rods of the lights, stopped his horse, and noticed that an excavation had been made across the street, but discovered no barriers, and there were none. From what he and his companion could observe from the situation and location of the lights he concluded that the way was clear between the lights. He drove on and into the excavation, injuring the horse so badly that it was wholly lost to plaintiff. It was discovered after the accident that a way had been provided near the south curb for the passage of teams and vehicles. To recover the value of the horse, this suit was instituted, and the city of Jackson was charged with negligence in failing to keep the street in a condition reasonably safe and convenient for public travel, and Chapin & Maloney, the plumbers who opened the excavation, were charged with negligence in failing to properly guard and protect the opening. From a directed verdict in favor of the defendants, the plaintiff has assigned error.

1. Was the city of Jackson liable? It appears that

the other defendants are licensed plumbers in the city of Jackson, and a permit had been given to them the day before by the city to make this excavation, and that an ordinance of the city of Jackson provided that no such excavation should be left open over night. The trial court was of the opinion that no negligence had been shown upon the part of the city, because it had received no notice that the excavation was left open in violation of the ordinance; and that the city could not presume that the plumbers would violate the ordinance in leaving it open over night; in other words, the trial court with this situation applied the rule which prevails where the municipality charged with the duty of keeping the highway in repair has no notice or knowledge that the highway is out of repair, and to which it has not given its consent. In making application of this rule, we think the trial court was in error. In the present case the city of Jackson authorized the other defendants to open the excavation. It thereby had notice and knowledge that the excavation was about to be made. After that its liability to third persons for injuries was no different than as though it were doing the work itself. *Joslyn* v. *City of Detroit,* 74 Mich. 458 (42 N. W. 50) ; *Southwell* v. *City of Detroit,* 74 Mich. 438 (42 N. W. 118) ; *Hayes* v. *City of West Bay City,* 91 Mich. 419 (51 N. W. 1067) ; *Baker* v. *City of Grand Rapids,* 111 Mich. 447 (69 N. W. 740) ; *Monje* v. *City of Grand Rapids,* 122 Mich. 645 (81 N. W. 574). The case last cited is especially applicable to the present one, for the reason that the excavation was made by a licensed plumber, and the same point was urged that the city had no notice of the defect.

To permit the city to escape liability on the ground of its ordinance would be to concede that the city could by a well-worded ordinance lessen the liability placed upon it by the statute. The question as to whether the

city was negligent in failing to properly guard the excavation was one which should have been submitted to the jury.

2. The trial court held that the defendants Chapin & Maloney were not liable on the ground that the driver of the horse was guilty of contributory negligence in failing to make sure what the situation was after he saw the signals of danger and before he proceeded. There was much controversy in the case as to the exact location of the lights; also as to the effect which the electric light, together with the shade, produced at the point of excavation. We do not think it can be said, as a matter of law, that the driver was guilty of contributory negligence. Whether he did what an ordinarily careful and prudent man would have done under similar circumstances was a question to be determined by the jury. The judgment must be reversed, and a new trial ordered.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.