### KOWALCZYK v. BAILEY.

1. MUNICIPAL CORPORATIONS—DANGEROUS CONDITION ON STREETS—NOTICE OF INJURY.

    Noncompliance with statutory requirement of written notice of bodily injury, alleged to have been sustained by reason of neglect to keep streets under control of the city in repair and safe for public travel precluded recovery by plaintiff against city for its alleged permission to let an illegally parked car remain on the public highway as a dangerous menace and hazard to others for an unreasonable length of time, without providing warning signals after sundown or removing it notwithstanding ample opportunity and facilities for doing so (CL 1948, § 242.8).

2. SAME—DEFECTIVE STREET—NOTICE OF INJURY.

    Actions against a city for damages for bodily injury sustained by reason of neglect to keep city streets in repair and safe for

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur, Highways § 550 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 1009.

public travel must be brought under the statute and in compliance with all of its provisions as to notice (CL 1948, § 242.8).

3. COSTS—PUBLIC QUESTION—MUNICIPAL CORPORATIONS—ILLEGALLY PARKED CARS.

No costs are allowed on appeal to the Court of Appeals from order granting summary judgment to defendant city in action for bodily injuries sustained by plaintiff alleged to have been due to failure of city to permit an illegally parked car to remain a hazard to public travel after failure either timely to warn of its presence or remove it, a matter of public interest being involved (CL 1948, § 242.8).

Appeal from Macomb; Deneweth (George R.), J. Submitted Division 2 July 9, 1965, at Lansing. (Docket No. 172.) Decided October 18, 1965. Leave to appeal granted by Supreme Court February 11, 1966. See 377 Mich 701.

Complaint by Carole Kowalczyk against David Bailey, City of St. Clair Shores, a municipal corporation, Daniel B. Kachnowski, and Donald J. Taylor for injuries sustained when an automobile, in which plaintiff was a passenger, struck an illegally parked automobile, owned by David Bailey. Summary judgment for defendant City of St. Clair Shores. Plaintiff appeals. Affirmed.

*Royal A. Oppenheim,* for plaintiff.

*Kelly, Oster, Tatham & Solner (Norman L. Zemke* of counsel), for defendant City of St. Clair Shores.

*Steve S. Michaels,* for defendants Kachnowski and Taylor.

T. G. KAVANAGH, J. This is an appeal from a summary judgment of dismissal entered upon motion of the defendant city of St. Clair Shores. The suit arose out of an accident occurring on January 12, 1963. Other defendants are not involved in this appeal.

Plaintiff was injured when the car in which she was a passenger collided with an illegally-parked car owned by defendant David Bailey. She alleges that the city was negligent in the following manner:

"(a) Permitting the motor vehicle of David Bailey to remain on the public highway illegally.

"(b) Permitting said illegally parked vehicle to remain as a dangerous menace and hazard to others then and there lawfully in the use of the highway, for an unreasonable length of time; and failing in their duty, after full knowledge thereof, to provide signals or other adequate warning devices of the presence of the vehicle in the highway after sundown and the danger thereof.

"(c) Failing in their duty to correct this dangerous condition after knowledge thereof, notwithstanding ample opportunity and facilities to tow away or otherwise remove the danger."

The motion of defendant city of St. Clair Shores was based upon the admitted failure of plaintiff to comply with the notice requirements of CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598).

Plaintiff maintains that her cause of action is not based upon the statute and consequently is not limited by its requirements. Plaintiff's theory is that her action is based upon the common-law liability of a city for the tortious act of its servant in negligently performing his duty. She claims the judicial doctrine of governmental immunity was the only bar to such an action at common law and argues that since *Williams* v. *City of Detroit* (1961), 364 Mich 231, the court no longer will sustain this defense and hence plaintiff has the common-law action and need not comply with the notice requirement of the statute, because she does not rely on the statute for her cause of action.

The Michigan Supreme Court in the case of *Boike* v. *City of Flint* (1965), 374 Mich 462, has unanimously rejected this argument.

There the court determined that all actions against a city for damages for bodily injury sustained by reason of neglect to keep city streets in repair and safe for public travel must be brought under the statute and in compliance with all of its provisions as to notice.

Affirmed, without costs as this case involves a question of public interest.

J. H. GILLIS, P. J., and QUINN, J., concurred.