### KOWALCZYK v. BAILEY.

1. MUNICIPAL CORPORATIONS—COMMON LAW—NEGLIGENCE—REPAIR OF STREETS.

   At common law a city was not liable for injuries caused by its neglect to keep its streets in repair.

2. SAME—STATUTES—OBSTRUCTIONS IN STREETS—NOTICE.

   Liability was imposed upon cities, by statute, for injuries caused by their negligent failure to keep their streets in a condition reasonably safe and fit for travel and to remove obstructions within a reasonable time after notice of their existence (PA 1909, No 283, as amended).

3. SAME—ILLEGALLY PARKED VEHICLE—NOTICE OF INJURY.

   Noncompliance with statutory requirement that written notice be given the city within 60 days from occurrence of injuries, alleged to have been sustained by reason of neglect of city to remove illegally parked vehicle or warn of its dangerous presence, after city had notice of its presence, barred plaintiff from imposing liability upon city for injuries sustained (CL 1948, § 242.8).

4. SAME—COMMON-LAW IMMUNITY—NEGLIGENCE—STATUTE.

   Plaintiff's cause of action against city for injuries due to failure to remove illegally parked car as an obstruction in a street was governed by statute before and after court's decision abrogating common-law immunity for municipal negligence; hence, all of statutory requirements, including written notice, had to be met in order to impose liability upon city (CL 1948, § 242.8).

Appeal from Court of Appeals, Division 2, J. H. Gillis, P. J., Quinn and T. G. Kavanagh, JJ., affirm-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Municipal Corporations § 580.
[2-4] 38 Am Jur, Municipal Corporations §§ 580, 593, 676.

ing Macomb, Deneweth (George R.), J. Submitted October 6, 1967. (Calendar No. 14, Docket No. 51,348.) Decided November 6, 1967.

1 Mich App 551, affirmed.

Complaint by Carole Kowalczyk against David Bailey, City of St. Clair Shores, a municipal corporation, Daniel B. Kachnowski, and Donald J. Taylor for injuries sustained when an automobile, in which plaintiff was a passenger, struck an illegally parked automobile, owned by David Bailey. Summary judgment for defendant City of St. Clair Shores. Judgment affirmed by Court of Appeals. Plaintiff appeals. Affirmed.

*Royal A. Oppenheim,* for plaintiff.

*Robert Tatham, Kelly, Oster, Tatham & Solner* (*Norman L. Zemke,* of counsel), for defendant City of St. Clair Shores.

SOURIS, J. Plaintiff sued defendant city for damages for injuries she incurred in 1963 while riding in an automobile which collided with another automobile illegally parked on a city street. She claimed that the city had notice of the presence of the illegally parked vehicle, but negligently failed to remove it or to warn of its dangerous presence to others traveling lawfully upon the street. On defendant city's motion, the suit was dismissed as to it on the ground that plaintiff had failed to serve written notice upon the city within 60 days from the occurrence of her injuries in accordance with the requirements of chapter 22, § 8 of PA 1909, No 283, as amended (CL 1948, § 242.8 [Stat Ann 1958

Rev § 9.598]).[1] The Court of Appeals affirmed, 1 Mich App 551, and we granted leave of appeal to this Court.

Our decision in this appeal turns upon whether the city is liable in damages for injuries caused by its alleged negligent failure to remove an obstruction in a highway after it had notice thereof. That issue caused this Court some difficulty late last century and early in this one.

Our Court, in *City of Detroit* v. *Blackeby* (1870), 21 Mich 84, had ruled that at common law a city was not liable for injuries caused by its neglect to keep its streets in repair. Thereafter, the legislature, in 1879, adopted a statute bearing upon the issue. PA 1879, No 244. This Court construed it in *Joslyn* v. *City of Detroit* (1889), 74 Mich 458, referring also to PA 1887, No 264, which superseded the earlier act:

"This statute was passed in May, 1879. It makes the city not only liable for injuries occurring through neglect to keep the streets in repair, but also for such as occur by reason of the neglect of the city to keep its streets in a condition reasonably safe and fit for travel. The duty is imposed in both cases, and the necessity for it exists in the one case just as much as in the other, and the liability is the same, and it is very manifest that the legislature intended to make it so. It was the object of the legislature in the passage of this statute to avoid the decisions of this Court, by which, before the passage of the act, the law by construction was made to relieve the municipality from all liability of this kind, and we think the statute should be so construed as to effect the object intended by the legislature.

"If further evidence of the intention of the legislature upon this subject is desired, I think it may be found in the act of 1887, pages 345 and 346, when it discarded the narrow limits of the common-law

---

[1] The cited act has been repealed and now is superseded by PA 1964, No 170, effective July 1, 1965.

liability entirely, as heretofore held by this Court and some others." 74 Mich 458, 460.

The 1879 act, in all relevant respects similar to PA 1909, No 283, which, as amended, was applicable in 1963 at the time plaintiff Kowalczyk's cause arose, was construed by this Court in *McEvoy* v. *City of Sault Ste. Marie* (1904), 136 Mich 172. In *McEvoy*, we said:

"This act was open to two constructions,—one, that it imposed upon municipalities an obligation to use diligence to keep their highways and streets in a condition reasonably safe and fit for public travel; and the other, that it imposed upon municipalities only the obligation to use due diligence to keep their highways and streets in good repair. Under the first construction, there would be an obligation on the part of a municipality to remove obstructions within a reasonable time after it had knowledge or notice of their existence. Under the second construction, there would be no such obligation. In the case of *Joslyn* v. *City of Detroit*, 74 Mich 458, this Court deliberately adopted the first construction. The facts in that case were very similar to those in the case at bar, and were these: On the evening of April 23, 1886, plaintiff was driving on Clifford street, in Detroit. Her carriage came in contact with a pile of sand, and was overthrown, and she was injured. This pile of sand was placed in the street to be used for building purposes. It had been there a month or more, during which time it had not been guarded, nor had signals of warning been placed upon it. There was no evidence, as was pointed out in the brief of defendant, that the defendant city permitted it to be placed in the street. The issue raised by these facts required the Court to determine whether municipalities were responsible for negligent failure to remove obstructions placed in the streets by third persons, and this Court

deliberately determined that the statute created that obligation." 136 Mich 172, 176.[2]

In both *Joslyn* and *McEvoy* dissenting opinions were filed, but the views of the two dissenters never have prevailed in this Court. We are not persuaded that we should abandon the carefully considered opinions of this Court in *Joslyn* and in *McEvoy*, in favor of the dissenters' views, in applying now the relevantly similar provisions of PA 1909, No 283. It is our conclusion, therefore, that that statute imposed upon cities liability for injuries caused by their negligent failure to remove obstructions in their streets after notice thereof. For her failure to comply with the requirement of section 8 of the act; that written notice be given the city within 60 days from the occurrence of her injuries, plaintiff was barred from suing the city. See *Trbovich* v. *City of Detroit* (1966), 378 Mich 79.

It is not significant to plaintiff's cause that her injuries occurred after our decision in *Williams* v. *City of Detroit* (1961), 364 Mich 231, in which this Court abrogated this State's common law of immunity for municipal negligence. The cause of action she alleged was one covered, before and after our decision in *Williams*, by the statute and, therefore, all of its requirements, including section 8's requirement of written notice, had to be met. In *Williams*, at p 261, we took care to note that our decision did not affect existing statutes.

Affirmed.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, O'HARA, ADAMS, and BRENNAN, JJ., concurred.

---

[2] See, also, *Schelske* v. *Township of Orange* (1907), 147 Mich 135, and *Walls* v. *City of Detroit* (1912), 171 Mich 612.