THE PEOPLE v. ALFRED L. LEWIS AND GEORGE W. BODEN.

*Municipal corporations—Smoke ordinance—Unjust discrimination.*

1. An ordinance which makes any owner, agent, lessee, or manager of any building, boat, locomotive, or other structure in the city, who shall cause or permit dense smoke, or smoke containing soot or other substance, to be emitted from such structure, or from any other place, and which shall damage the property or injure the health of any person, or shall especially annoy the public, liable to fine or imprisonment, or both in the discretion of the court, on the complaint of any citizen or officer of the city, in case of especial annoyance, is not invalid on the ground that it exempts dwelling-houses and steam-boats from its operation, and thus makes an unreasonable discrimination between classes of persons residing in the same municipality; and the common council of the city of Detroit had power under section 42, chap. 7, Act No. 326, Local Acts of 1883, to pass such an ordinance.

2. From the testimony returned in this record, it is evident that the court very properly found that the manner in which the defendants conducted their business, producing smoke and soot,

86 MICH—18.

was a nuisance in *fact*, and the defendants were properly convicted. It was the *manner* in which they conducted their business of which complaint was made, and it is shown that it was so conducted as to be injurious to the property of the people in that vicinity, as well as a great annoyance.

*Certiorari* to recorder's court of Detroit. (Chambers, J.) Argued May 6, 1891. Decided June 5, 1891.

Respondents were convicted of a violation of a smoke ordinance of the city of Detroit. Conviction affirmed. The facts are stated in the opinion.

*James H. Pound,* for respondents, contended:

1. To render a by-law reasonable, it should tend in some degree to the accomplishment of the objects for which the corporation was created and its powers conferred; citing Cooley, Const. Lim. 200; *Mayor v. Thorne,* 7 Paige, 261; and it is void if in restraint of trade; citing Cooley, Const. Lim. 202; *Clark v. Le Cren,* 9 Barn. & C. 52; *Chamberlain v. Compton,* 7 Dowl. & R. 597; *Hayden v. Noyes,* 5 Conn. 391; *Dunham v. Rochester,* 5 Cow. 462; *Mayor v. Nichols,* 4 Hill, 209; *Austin v. Murray,* 16 Pick. 125; *Wreford v. People,* 14 Mich. 41.

2. The charter does not authorize or sanction the ordinance. It contravenes common right; citing 1 Dill. Mun. Corp. §§ 325, 327 (note 1); *Taylor v. Griswold,* 2 Green (N. J.), 222; and is oppressive, and therefore void; citing 1 Dill. Mun. Corp. § 320, and cases cited; and courts will declare such invalidity; citing *Mayor v. Winfield,* 8 Humph. 707; *St. Louis v. Fitz,* 53 Mo. 582; *Mayor v. Radecke,* 49 Md. 217.

*Charles W. Casgrain* and *Charles S. McDonald,* for the people.

LONG, J.   The complaint in this case charges that at the city of Detroit, on or about the 19th day of November, A. D. 1890, and at divers other times and occasions, within the corporate limits of said city, to wit, in the rear of premises No. 256 Merrick avenue, one Alfred L. Lewis and one George W. Boden, being the managers of

a carpenter shop situated on said premises, did then and there unlawfully and willfully cause and permit dense smoke containing soot to issue from said shop, which said smoke and soot caused great injury to property, and annoyance to the public, to the evil example of all others in like case offending, and contrary to the ordinance of said city in such case made and provided, being section 2, chap. 67, p. 165, of the Revised Ordinances of 1890.

The defendants were arraigned, and pleaded not guilty to this complaint. They were tried before the court without a jury, found guilty as charged in the complaint, and fined each the sum of $50, on December 10, 1890. The sentence provided that, in default of the payment of such fine, defendants were each of them to be imprisoned in the Detroit House of Correction until such fine and the costs of commitment, $1, were paid, but not exceeding ten days from that date. The case comes to this Court by *certiorari*.

The return of the recorder of the city of Detroit, to whom the writ was directed, shows that the defendants are copartners, and are owners and managers of a carpenter shop and planing-mill, which is conducted in the rear of premises known as "No. 256 Merrick Avenue." The mill is operated by a five-horse-power engine.

The complaint is made under the ordinance above referred to, and which provides as follows:

"SEC. 2. Any owner, agent, lessee, or manager of any building, boat, locomotive, or other structure in the city of Detroit, who shall cause or permit dense smoke, or smoke containing soot or other substance as above, to be emitted from such structure, or from any other place, which said soot or other substance shall damage the property or injure the health of any person, or shall especially annoy the public, shall, upon the complaint of any citizen or officer of the city, in case of especial annoyance, be liable for each and every such offense to a fine of not less than ten dollars nor more than one hundred

dollars, or to imprisonment in the House of Correction, not less than 10 days nor more than 30 days, or both such fine and imprisonment, in the discretion of the court: *Provided*, that the provisions of this ordinance shall not apply to buildings used exclusively for private residence or to steam-boats."

Section 1 of the same chapter is as follows:

"The emission from any chimney or smokestack within the city of dense smoke, or smoke containing soot or other substance in sufficient quantity to permit the deposit of soot or other substance on any surface within the corporate limits of the city, shall be deemed and is hereby declared a public nuisance."

The return further shows that the part of the city wherein defendants conducted their business is principally occupied by dwelling-houses, and for private residence purposes, and a number of the residents of that vicinity have been constantly annoyed by smoke and soot which came from the mill of defendants, and entered their houses, settled upon their property, and on their clothing, which had been washed and hung out to dry, thereby necessitating its being rewashed; that the smoke, soot, and sparks emitted from defendants' mill injuriously affected their property.

The common council of the city of Detroit had power to pass the ordinance under which the conviction was had, by section 130 of the charter, compilation of 1886.

The complaint is that the ordinance should be held invalid upon the ground that it exempts dwelling-houses and steam-boats from its operation, and thus makes an unreasonable discrimination between classes of persons residing within the same municipal territory. Ordinances must not only be reasonable and within the power of the municipality to enact them under its charter, but must affect each member of the community alike. They should neither favor nor discriminate against any person or class

of persons or any particular portions of the municipal territory. Their burdens and their benefits should rest equally upon all. It cannot be said that this ordinance makes such a discrimination that the Court should declare it invalid.

From the testimony returned in this record it is evident that the court very properly found that the manner in which the defendants conducted their business, producing smoke and soot, was a nuisance in fact; and upon the whole record we think the defendants were properly convicted. It was the manner in which they conducted their business of which the complaint was made, and it is shown that it was conducted in such a way as to be injurious to the property of the people in that vicinity, as well as a great annoyance.

There are several questions raised upon this record which we do not think it necessary to discuss, being unable to find any error in the proceedings.

The conviction must be affirmed.

CHAMPLIN, C. J., and GRANT, J., concurred with LONG, J.

MORSE, J. I think the ordinance is unreasonable, and makes an unjust discrimination, which the law ought not to permit.

McGRATH, J., concurred with MORSE, J.