MARSHALL FIELD & CO. ET AL.

v.

CITY OF CHICAGO.

*Municipal Corporations—City of Chicago—Smoke Ordinance of—Prosecution Under—Practice—Instructions.*

1.   Argument to this court that a municipal ordinance is invalid after the same has been held to be valid by the Supreme Court of the State, is misplaced.

2.   An instruction requiring a plaintiff to prove what may be presumed without proof, should not be given.

3.   A jury must be presumed to know that smoke from chimneys is, in large cities, both injurious and annoying.

[Opinion filed May 26, 1892.]

APPEAL from the Criminal Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. GARTSIDE & LEFFINGWELL, for appellants.

Messrs. CHARLES A. DIBBLE and ISIDORE H. HIMES, for appellee.

GARY, J.   This is a prosecution by the city, of the appellants, for a violation of the " Smoke Ordinance," which was held by the Supreme Court in Harmon v. City of Chicago, 110 Ill. 400, to be a valid ordinance, and therefore all argument to the contrary to this subordinate court, is misplaced.

Two witnesses, uncontradicted, testified to dense smoke that could not be seen through, coming from the chimney of the retail store of the appellants, on the 11th day of June, 1891, for several minutes.   The evidence is not very satisfactory as to the surroundings of that store, located at the northeast corner of State and Washington streets, in the city of Chicago, but it may fairly be presumed that in the discussion of the case before a Chicago jury, the surroundings of that great house, with a business of, we should be afraid to conjecture how many millions per annum, must necessarily have been assumed.

In Munn v. Burch, 25 Ill. 35, Judge Caton said: "Courts will not pretend to be more ignorant than the rest of mankind," and the fact that the northeast corner of those streets is in the business center of the second city of the Nation, may almost be judicially noticed.

The appellants urge that the testimony of one witness, that in the eight days, beginning with July 16, 1891, no dense smoke came from their chimneys, was excluded wrongly. They had before given evidence that the means of preventing smoke were the same in July as in June, but the care and skill with which the fire is attended, were also proved to affect the quantity of smoke emitted, so that even if what did not happen in July, could, under any circumstances, be evidence that something did not happen in June, which we do not decide, the proof of identity of conditions did not go far enough. They also complain of the refusal of this instruction: "The jury are instructed that it is the duty of the city to prove that, among other things, the smoke that issued from the chimney of the defendants at the time complained of was not only dense, but was, at that particular time, of a nature detrimental to the property which was close enough in proximity to it to be affected by it injuriously, or was of a nature to be personally annoying to the public at large, and unless the jury believe, from the evidence, that the smoke complained of was, at the particular time in question, dense, and also proved to be detrimental to property within the city of Chicago, or was of a nature to be personally annoying to the public at large, then your verdict should be for the defendants."

The last half of it, as to what the jury should believe in order to convict, was perhaps proper; but the first half, requiring the city to prove what may be presumed without proof, was not.

It is matter of common knowledge that smoke becomes soot, which falls and blackens where it rests; that it is injurious to vegetation, to many kinds of goods, and annoying to people. This common knowledge is so generally diffused in Chicago, that no jury could be without it.

The judgment is affirmed.          *Judgment affirmed.*