THE CITY OF ST. LOUIS, *Plaintiff in Error*, v. EDWARD HEITZEBERG PACKING AND PROVISION COMPANY.

In Banc, November 16, 1897.

1. **Nuisances.** It is not competent for a city to declare that a nuisance which is not such in fact.

2. ———: SMOKE. Smoke alone was not a nuisance at common law, nor has it been declared to be such by any statute of this State. Before it can be held to be a nuisance it must be shown to be such by proof; and that implies that it must be shown to be an "annoyance and injury to a portion of the inhabitants of the State."

3. ———: AN UNREASONABLE ORDINANCE: VOID. An ordinance which declares the emission into the open air of black dense smoke or thick gray smoke from any establishment, locomotive or premises within the corporate limits of St. Louis, irrespective of the quantity and the length of time it is emitted, to be a nuisance, and punishes the owner or occupant of such premises as for a misdemeanor, is unreasonable and void.

4. ———: ———: ———: CAPRICE OF OFFICERS: RIGHTS OF CITIZENS. Counsel for plaintiff admitted that such emission of such smoke for one or two minutes constitutes an offense under the ordinance, and that no device was known whereby such smoke could under all circumstances be prevented, but avoided this objection by claiming that the inspectors employed to detect violations of the ordinance exercise a wise discretion in such cases and do not attempt to "prosecute every emission of dense black or thick gray smoke." *Held*, that such an ordinance creates an unregulated official discretion, which alone renders it void. *Held*, also, that the rights of a citizen in this State can not be made to depend on the discretion of any official, high or low. *Held*, further, that all valid ordinances must fix the duty or liability of the citizen by definite, intelligible, prescribed rules.

*Error to St. Louis Court of Criminal Correction.*—HON. DAVID MURPHY, Judge.

AFFIRMED.

*William C. Marshall* and *Eugene McQuillin* for plaintiff in error.

(1) The declaration by the ordinance that "the emission into the open air of dense black or thick gray smoke within the corporate limits of the city of St. Louis is a nuisance," and the allegation in the statement and proof that such smoke was emitted from defendant's plant, and the common knowledge of the annoying and detrimental character of such smoke within a populous city, establish a *prima facie* case on the part of the city, and places the burden of proof on defendant to show that "dense black or thick gray smoke" so discharged is not a detriment and damage to certain classes of property and annoying and inconvenient to the public at large within the city. *Kirk-*

*wood v. Cairns*, 44 Mo. App. 88; *St. Louis v. Schnuckelberg*, 7 Mo. App. 536; *St. Louis v. Stern*, 3 Mo. App. 55; *Kennedy v. Board of Health*, 2 Pa. St. 366; *Green v. Mayor, etc.*, 6 Ga. 1; *Roberts v. Ogle*, 30 Ill. 459; *Crosby v. Warren*, 1 Rich. (S. C.) Law, 385; *Kennedy v. Snowden*, 1 McMullan (S. C.), 323. (2) Where the particular thing declared against is a nuisance *per se*, the action of the city authorities is conclusive. *St. Louis v. Stern*, 3 Mo. App. 48; *St. Louis v. Steele*, 12 Mo. App. 570; *Kansas City v. Neal*, 49 Mo. App. 72; *Kansas City v. McAleer*, 31 Mo. App. 436. (3) Many decisions hold that a mere declaration on the part of the city authorities that a thing is a nuisance is conclusive. *Van Wormer v. Mayor, etc.*, 15 Wend. 262; *Kennedy v. Board of Health*, 2 Pa. St. 366; *Green v. Mayor, etc.*, 6 Ga. 1; *State v. Heidenhain*, 42 La. Ann. 483; *Roberts v. Ogle*, 30 Ill. 459; *Crosby v. Warren*, 1 Rich. (S. C.) Law, 385; *Kennedy v. Snowden*, 1 McMullan (S. C.), 323; *Goddard v. Jacksonville*, 15 Ill. 588. (4) Dense black or thick gray smoke, *i. e.*, heavy volumes of smoke, discharged in any considerable quantities into the atmosphere of a populous city, is *per se* a public nuisance. *Harmon v. Chicago*, 110 Ill. 400; *Marshall, Field & Co. v. Chicago*, 44 Ill. App. 410; *Sullivan v. Royer*, 72 Cal. 248; *Ross v. Butler*, 19 N. J. Eq. 302; *Tuebner v. Railroad*, 66 Cal. 174; *Hurlbert v. McKone*, 55 Conn. 31. (5) The city had express authority to pass the smoke ordinance, and its enactment makes out a *prima facie* case that it is reasonable. *Morse v. City of West Port*, 110 Mo. 508; *State v. Inhabitants of Trenton*, 20 Atl. Rep. (N. J.) 1076; *Fisher v. Harnsberg*, 2 Grant (Pa.), 291; *Commonwealth v. Robertson*, 5 Cush. 438. (6) Municipal corporations are *prima facie* the sole judges of the necessity of these ordinances, and courts will not ordinarily review their reasonableness when passed in strict pursuance of an

express grant of power. *Hannibal v. Tel. Co.*, 31 Mo. App. 23; *St. Louis v. Green*, 70 Mo. 562. (7) The ordinance is clear, precise and definite in its requirements and demands, uniform in its operation, since it affects all alike who come within its provisions; its classification is general, and it is neither discriminating nor oppressive. *State v. Kingsley*, 108 Mo. 139; *State v. Addington*, 77 Mo. 117; *Kansas City v. Cook*, 38 Mo. App. 660; *Kansas City v. Sutton*, 52 Mo. App. 398; *State v. Bishop*, 128 Mo. 373; *Nicholds v. Walter*, 37 Minn. 264; *People v. Lewis*, 86 Mich. 273.

*Louis A. Steber* and *Alderson & McEntire* for defendant in error.

(1) The law must treat all alike, under the same conditions, and in its classifications it must be within all who are under the same conditions. *State v. Sheriff*, 48 Minn. 240; *Yick Wo v. Hopkins*, 118 U. S. 356; *Randolph v. Wood*, 49 N. J. Law, 88; *Low v. Printing Co.*, 41 Neb. 138; *Nichols v. Walter*, 37 Minn. 272; *Johnson v. Railroad*, 43 Minn. 224; *In re Eight Hour Law*, 21 Col. 32. (2) The ordinance is also in violation of the first section of the fourteenth amendment to the Constitution of the United States. It is class legislation, discriminating against some and favoring others. *Yick Wo v. Hopkins*, 118 U. S. 369; *In re Quong Woo*, 13 Fed. Rep. 229; *Baltimore v. Radecke*, 49 Md. 217. (3) Everyone has a right to demand that he be governed by general rules. *Millet v. The People*, 117 Ill. 301; *State v. Loomis*, 115 Mo. 314; *St. Louis v. Bowler*, 94 Mo. 635; *R. R. Tax Cases*, 13 Fed. Rep. 733. (4) Although the city has power in its charter to abate and also to declare what shall be deemed nuisances, the power to declare can not be so absolute as to be beyond the cognizance of the courts to determine

whether it has been reasonably exercised in a given case or not. *River Rendering Co. v. Behr*, 77 Mo. 98; *Corrigan v. Gage*, 68 Mo. 541; *Tarkio v. Cook*, 120 Mo. 9; *Hannibal v. M. & K. Tel. Co.*, 31 Mo. App. 32; *Plattsburg v. Riley*, 42 Mo. App. 23; *State v. Morris*, 47 La. Ann. 1660; 2 Wood on Nuis. [3 Ed.], sec. 745, pp. 996, 997. (5) The legislature can not declare any use of property to be a nuisance which is not injurious to the health, welfare or morals of the community, or which does not obstruct or interfere with public interests or a public right. 2 Wood on Nuis. [3 Ed.], sec. 763, p. 1098; *River Rendering Co. v. Behr*, 77 Mo. 91; *Quintini v. Board, etc.*, 64 Miss. 483; Tiedeman's Lim. Pol. Pow., sec. 122a, p. 426; *People v. Rosenberg*, 138 N. Y. 410; *Coe v. Schultz*, 47 Barb. 64; *Railroad v. Jacksonville*, 67 Ill. 40; *Lake View v. Rose Hill Cem. Co.*, 70 Ill. 197. (6) What is a nuisance, is a question of fact. *St. Louis v. Schnuckelberg*, 7 Mo. App. 541; *Yates v. Milwaukee*, 10 Wall. 497; Wood on Nuis. [3 Ed.], secs. 505, 532, 744. (7) The very foundation of a nuisance is injury and damage to a clear and well defined legal right. Wood on Nuis. [3 Ed.], secs. 531, 880; *Paddock v. Somes*, 102 Mo. 237. (8) A nuisance is public when it annoys all the members of a community, and private when it injuriously affects the lands, tenements or hereditaments of an individual. *Ellis v. Railroad*, 63 Mo. 131. (9) Residents of cities must submit to some inconveniences from trades and manufactories there carried on. *Gibson v. Donk*, 7 Mo. App. 37; *Van de Vere v. Kansas City*, 107 Mo. 92; Wood on Nuis. [3 Ed.], sec. 6, p. 18; *Powell v. Bentley*, 34 W. Va. 810; *Commonwealth v. Miller*, 139 Pa. St. 94.

GANTT, J.—The city of St. Louis instituted this action against the defendant to recover a fine of $50 for the violation of what is known as "the smoke ordi-

nance.'' That ordinance provides that ''the emission into the open air of dense black or thick gray smoke within the corporate limits of the city of St. Louis'' is thereby declared to be a nuisance, ''and the owners, occupants, managers or agents of any establishment, locomotives or premises from which dense black or thick gray smoke is emitted or discharged, are made guilty of a misdemeanor and subject to a fine of not less than ten nor more than fifty dollars. And each and every day wherein such smoke shall be emitted shall constitute a separate offense.''

The statement of the city attorney averred that defendant had violated the above ordinance, in this, to wit: ''In the City of St. Louis and the State of Missouri, on the fourth day of September, 1895, and on divers other days and times prior thereto, the said Edward Heitzeberg Packing & Provision Company (a corporation, Charles L. Heitzeberg, President), did then and there emit and discharge into the open air within the corporate limits of the City of St. Louis, Missouri, dense black and thick gray smoke from the smokestack or chimney of the building being numbered 3101 North Broadway, situated on west side of said street, in said City of St. Louis, Missouri, said Edward Heitzeberg Packing & Provision Company being the occupant of said building, contrary to the ordinance in such case made and provided.''

Defendant filed a motion to dismiss, which was overruled, and on trial defendant was convicted as charged, October 30, 1895, and fined $10. On the same day defendant perfected an appeal to the St. Louis Court of Criminal Correction.

Defendant renewed its motion to dismiss in the court of criminal correction, which was overruled. It raised the following points: *First.* The complaint does not state a cause of action against defend-

ant. *Second.* The smoke ordinance is unconstitutional and void. *Third.* The complaint is not responsive to the ordinances.

On December 28, 1895, the cause was submitted on an agreed statement of facts, in substance as follows:

That defendant is a corporation, and is the owner, or operates and controls a large manfacturing plant at number 3101 North Broadway, corner of Branch street, in St. Louis, Missouri; that it owns, controls and operates a furnace in connection with said plant, wherein is burned or consumed large quantities daily of soft or bituminous coal; that there is a smokestack or chimney connected with said furnace, which is owned and operated by defendant; that said street, known as Broadway, on which the establishment fronts, is one of the principal thoroughfares of the city of St. Louis, and is located in a neighborhood in which there are numerous stores and dwellings and a large number of manufacturing establishments; that among the said manufacturing establishments, and most all of them using the same kind of coal, are the following [establishments enumerated].

That the court may take judicial notice of the size and commercial importance of the city of St. Louis; that said city is densely populated, containing nearly six hundred thousand inhabitants.

That on September 4, 1895, there was emitted and discharged into the open air within the corporate limits of said city from the stack or chimney of defendant's plant for thirty-nine and one half minutes, dense black and thick gray smoke, arising from the use in the furnace of defendant corporation of common soft or bituminous coal as fuel, out of an observation of one hundred minutes, from 9:55 A. M. to 11:35 A. M., conducted by three smoke inspectors, to wit, Samuel R. Fox, August Knickmeir and W. L. Scott,

of which eighteen and one half minutes of that time said stack discharged into the open air dense black smoke, so black and dense that it was opaque and could not be seen through; and of that time said stack discharged into the open air thick gray smoke for a period of twenty-one minutes, smoke that was heavy and dense, but not perfectly black; that said dense black and thick gray smoke, so emitted and discharged as aforesaid, was carried for a distance of several blocks before it became very much dissipated, that is, before it became very much scattered and diffused into the air within the corporate limits of said city.

That William B. Potter would testify that he is an engineer, and at present manager and chief engineer of the St. Louis Sampling & Testing Works, and is also chairman of the smoke commission of the city of St. Louis; that for a period of eight or ten years he had made a special study of the problem of smoke abatement, with special reference to the conditions of the plants and establishments of the city of St. Louis; that during said period he has tested and reported on the varying degrees of efficiency of numerous devices designed for the abatement of smoke where large quantities of common soft or bituminous coal is used as fuel; that in his opinion, as a result of long study, experience and observation in the city of St. Louis, it is entirely practicable to abate smoke, or, rather, reduce it below the terms of dense black or thick gray, as used in city ordinance number 17,049, and at the same time use soft or bituminous coal in great quantities; that it is entirely practicable to so reduce the smoke in the various plants and establishments in the city of St. Louis that dense black or thick gray smoke would not be emitted or discharged into the open air; that this reduction or abatement of the smoke can be accomplished without injury to the boiler plants, and without any

unreasonable requirements ás to skill or amount of labor on the part of those in charge of or of those operating the boilers.    That dense black or thick gray smoke of the character above described as having been emitted and discharged into the open air within the corporate limits of the city of St. Louis, from the smokestack or chimney of defendant's plant, would be damaging and detrimental to certain classes of property, and would cause inconvenience and annoyance to persons within said city.

That said smoke ordinance number 17,049 is in existence and in force within said city.

No further evidence being offered, at defendant's request, the court declared the law to be that under the law and the evidence plaintiff could not recover.    (The city excepted to the declaration of law.)    Thereupon the court found a verdict and judgment for defendant and ordered a discharge.    In due time the city filed its motion for a new trial, which was overruled, and after perfecting its bill of exceptions, sued out a writ of error from this court.

I.    By its charter (2 R. S. Mo. 1889, p. 2098, clause 6 of section 26) the city of St. Louis is authorized "to declare, prevent and abate nuisances on public or private property, and the causes thereof."

It will be observed that it is not specifically empowered to declare the emission of thick smoke within the city limits to be a nuisance *per se*.    Notwithstanding the broad terms in which the power is given to declare nuisances, it it not competent for the city to declare that a nuisance which is not so in fact.    We take it that the line of demarcation is quite plain under a municipal grant like this.    As was said in *Lakeview v. Letz*, 44 Ill. 81, and quoted with approval by Judge SCHOLFIELD in the *Village of Des Plaines v. Poyer*, 14 N. E. Rep. 677, 123 Ill. 348, "there are some things which

in their nature are nuisances and which the law recognizes as such; there are others which may or may not be so, their character, in this respect, depending on circumstances. In the latter instance it is manifestly beyond the power of the municipality to declare in advance that those things are a nuisance."

Judge DILLON, in his work on Municipal Corporations, discussing this power of municipal corporations to declare and abate nuisances, says: "Such powers, conferred in general terms, can not be taken to authorize the extra-judicial condemnation and destruction of that as a nuisance which, in its nature, situation, or use is not such." Dillon, Mun. Cor. [4 Ed.], secs. 374, 95.

This court, in *River Rendering Company v. Behr*, 77 Mo. 91, announced a safe and conservative rule on this subject. Said the court: "We do not deny that the General Assembly may confer upon municipal authorities the power to abate nuisances and to declare what shall be deemed nuisances, but the latter power can not be so absolute as to be beyond the cognizance of the courts to determine whether it has been reasonably exercised in a given case or not;" citing, *Yates v. Milwaukee*, 10 Wall. 497, in which the Supreme Court of the United States, through Mr. Justice MILLER, said: "but the mere declaration by the city council of Milwaukee that a certain structure was an encroachment or obstruction did not make it so, *nor could such declaration make it a nuisance unless it in fact had that character*."

Now smoke alone was not a nuisance *per se* at common law, nor has it been declared to be such by any statute of this State. The legislature has defined what shall constitute a nuisance in this State by a general enactment in these words: "Every person who shall erect or maintain any public nuisance . . . . . . . to the annoyance or injury of any portion of the inhabi-

tants of this State, shall be deemed guilty of a misdemeanor." 1 R. S. 1889, sec. 3851.

Numerous cases may be found collected by the author in 1 Wood on Nuisances [3 Ed.], section 505 and notes, which hold that smoke alone may constitute a private nuisance, but in order to have that effect, it must either produce a tangible injury to property, as by the discoloration of buildings, injury to vegetation, discoloration of furniture or clothing or merchandise, or some tangible injury to property, real or personal, or sensibly impair its comfortable enjoyment, but in all of these cases it is a question of fact depending on the character of the smoke, the quantity, the location and circumstances. *St. Paul v. Gilfillan*, 36 Minn. 298; *Sigler v. Cleveland*, 3 Ohio N. P. R. 119.

None of the authorities cited by the learned counsel for the city state the law otherwise save the decision in *Marshall, Field & Co. v. Chicago*, 44 Ill. App. 410. That was a prosecution under the smoke ordinance of Chicago, and the defendants requested the trial court to give the following instruction: "The jury are instructed that it is the duty of the city to prove that, among other things, the smoke that issued from the chimney of defendants at the time complained of, was not only dense, but was at that particular time of a nature detrimental to the property which was close enough in proximity to be effected by it injuriously or was of a nature to be personally annoying to the public at large, and unless the jury believe from the evidence that the smoke complained of was at the particular time in question dense and also proved to be detrimental to property within the city of Chicago or was of a nature to be personally annoying to the public at large, then your verdict must be for defendants." Concerning the propriety of refusing this instruction, the court said: "The last half of it, as to what the jury

should believe in order to convict, was perhaps proper; but the first half requiring the city to prove what may be *presumed without* proof was not. It is a matter of common knowledge that smoke becomes soot, which falls and blackens where it rests; that it is injurious to vegetation, to many kinds of goods, and annoying to people. This common knowledge is so generally diffused in Chicago that no jury could be without it." That case is the only one which holds that smoke is a nuisance *per se;* that it is unnecessary to prove that any annoyance followed its emission or that it was detrimental to any property. The Supreme Court of Illinois, in *Harmon v. Chicago,* 110 Ill. 400, expressly declined to say whether the mere emission of dense smoke in the city of Chicago, without proof that it was a nuisance in fact, was a nuisance *per se.*

On the other hand, the Supreme Court of Minnesota, in *City of St. Paul v. Gilfillan,* 36 Minn. 298, held that "the emission of dense smoke from smokestacks or chimneys is not necessarily a public nuisance; whether so or not would depend largely upon the locality and surroundings." In that case the ordinance was held void because no provision was made for a determination of the question upon the facts of any particular case, and for the reason that the city had no power to pass such an ordinance.

The smoke ordinance of the city of Detroit was upheld by the Supreme Court of Michigan in *People v. Lewis,* 86 Mich. 273, but that ordinance was radically different from the St. Louis ordinance in that it only made the emission of "dense smoke or smoke containing soot, which *should damage the property or injure the health of* any person or should especially annoy the public," an offense. It is unnecessary to add that the Detroit ordinance defines a nuisance as at common law.

St. Louis v. Heitzeberg Packing Co.

In *Harmon v. Chicago*, 110 Ill. 400, the admission that "the smoke emitted was detrimental to property and a personal annoyance to the public" was made the basis of the decision for whatever views the court may have entertained on the question before us.     The British Act of Parliament, 29 and 30, Vict. Cap. 90, section' 19, enacts that the word "nuisance" shall include every chimney (not being the chimney of a private dwelling house) sending forth black smoke *in such quantity as to be a nuisance.*"     It is obvious from its terms that it depended in each case whether the smoke was emitted *in such quantity* as to be a nuisance within the meaning of the English law.     No one, we suppose, will doubt that dense smoke may be emitted in such quantities as to become an intolerable nuisance, both to the public and individuals, but the question before us is the power of the city under its charter to declare every emission of black dense smoke or thick gray smoke a nuisance, irrespective of the length of time it is emitted, or whether it is in fact a nuisance without providing for any inquiry as to these facts.     In a word, is such an ordinance not so unreasonable that the courts should declare it void for that reason?     Now, it was admitted at the bar of this court, by the learned special counsel who argued the case for the city, that the emission of "dense black" or "thick gray" smoke for one or two minutes constitutes an offense under this ordinance, and yet he admitted that up to this time no device or means was known or had been invented whereby such smoke could under all circumstances be suppressed or prevented; that in the first starting of a fire, before the coal or wood was thoroughly ignited, dense smoke would necessarily be emitted, but he avoided this objection to the ordinance by claiming that the inspectors employed to detect violations of the ordinance exercise a wise discretion in such cases and

do not attempt to prosecute every emission of "dense black" or "thick gray" smoke.

Now the ordinance itself would punish every house-keeper who kindled a fire to cook his or her morning meal, or to warm the house. Every replenishing of the furnace, whether in the heart of the business cen-tres or upon the remote western boundary of the city, would alike subject the owner to punishment. No ex-ception whatever is made as to time or quantity. When it is considered, and it must be by this court, that St. Louis has attained its growth in population and wealth in a large degree from the fact of its proximity to the great mines of bituminous coal which lie at its very door, and that this fuel has enabled it to become a great manufacturing city, and that this soft coal is peculiarly liable to produce this objectionable dense smoke, it seems to us that this ordinance which makes no rea-sonable allowance for the regulation of this smoke, but essays in advance of any known device for preventing it to punish all who produce it to any degree whatever, is wholly unreasonable. On the other hand, if, as learned counsel suggests, the ordinance is not enforced in all its strictness, but much is left to the discretion of the inspectors, then we have an unregulated official discretion which of itself renders the ordinance void, for it can not be tolerated that the rights of a citizen in this State shall depend entirely upon the caprice of any official, high or low. All valid ordinances must fix the duty or liability of the citizen by certain intel-ligible prescribed rules so that he may govern himself accordingly.

Our conclusion is, that while it is entirely compe-tent for the city to pass a reasonable ordinance looking to the suppression of smoke when it becomes a nuisance to property or health or annoying to the public at large, this ordinance must be held void because it exceeds

the powers of the city under its charter to declare and abate nuisances and is wholly unreasonable.

The judgment of the St. Louis Court of Criminal Correction is affirmed. BARCLAY, C. J., concurs in the result. SHERWOOD, MACFARLANE, BURGESS, ROBINSON and BRACE, JJ., concur.